## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Ja'Neshia H. Hall
     Plaintiff,                  )
                                 )        Case No: 19 CV1440

vs.                            )        Judge:
                                 )

Waste Management              )Magistrate Judge
                               )        **JURY TRIAL**
     Defendant               )        **DEMANDED**

## COMPLAINT

NOW COMES Plaintiff, Ja'Neshia H. Hall, by her attorney John C. Ireland , complains against Defendant as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This is an employment discrimination action brought by Plaintiff to redress violations of her rights under the Americans with Disabilities Act of 1990 ("ADA"). By this action, Plaintiff seeks back pay, front pay as appropriate, compensatory damages, punitive damages, and costs and attorneys' fees.

### PARTIES

2. Plaintiff is a citizen of the State of Illinois. She resides in the Northern District of Illinois.

3. Defendant Waste Management is a corporation that does business within the state of Illinois.

4. Defendant Waste Management is an employer within the meaning of the ADA in that it is engaged in an industry affecting interstate commerce and employs more than 15 persons.

5. Defendant Waste Management is an employer within the meaning of the Americans with Disabilities Act in that it is engaged in an industry affecting interstate commerce and employs more than 15 persons.

6. At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability within the meaning of Title I of the ADA.

## JURISDICTION

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that Plaintiff's claims involve federal questions arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.,.

12. All conditions precedent to suit have been met. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission(" EEOC") and filed within 90 days of receiving the Right to Sue correspondence from the EEOC.

## VENUE

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose out of acts and transactions that occurred in this District.

## FACTS

14. Plaintiff is disabled.

15. At all times relevant to this case, Plaintiff was diagnosed with Lupus that substantially limited her in one or more major life activities.

16. At all times relevant to this Complaint, Plaintiff had a record of disabilities, Lupus, and this disability was known to Defendants.

17. Plaintiff was an employee of Defendant.

18. Plaintiff was an employee of Waste Management from 2/4/17 to 10/17/17.

19. On the date of the unlawful termination, Plaintiff was employed by Waste Management.

20. Plaintiff is a qualified individual with disabilities.

2

21. Plaintiff was a highly qualified, competent, and dedicated employee that was repeatedly subjected to harassment and discrimination because of his disabilities.

22. Plaintiff has a record of certain medical conditions and disabilities, including, but not limited to: Lupus. The aforementioned medical conditions are well-recognized disabilities within the meaning of the ADA and handicaps within the meaning of the IHRA.

23. Waste Management was fully advised and aware of the nature and scope of Plaintiff's disabilities and the medical treatments that he was receiving for her disabilities on an ongoing basis. Plaintiff specifically advised the Waste Management's HR department.

24. At all relevant times, Plaintiff advised Waste Management of the various disabilities and sought reasonable accommodation for her disabilities. However, Waste Management never granted Plaintiff reasonable accommodation, nor did Waste Management engage in an "interactive process" to determine if reasonable accommodation could be made.

25. Waste Management intended to discriminate against Plaintiff on the basis of her disabilities and permitted, ratified, encouraged, allowed, and otherwise created a work environment heavily charged with discrimination.

26. Waste Management discriminated against Plaintiff on the basis of her disabilities, in part, in the following ways:

   (a) . Failed to make "reasonable accommodations" to the known limitations, disabilities/handicaps of Plaintiff;

   (b) Refused/ failed to engage in an "interactive process" to determine if reasonable accommodation could be made for Plaintiff's disabilities/handicaps;

   (c) Waste Management violated its own policies and procedures in regard to Plaintiff in disciplining, terminating and severance but followed policies for similarly situated non-disabled employees;

   (d) Terminated Plaintiff because of her disability;

   (e) Waste Management replaced Plaintiff's position with a non-disabled/non-handicapped employee; and

   (f) Otherwise treated Plaintiff differently than non-disabled, non-handicapped employees in the terms, conditions, and responsibilities of his employment.

(g) Waste Management was fully aware of Plaintiff's disabilities and the accommodations that she was requesting.

(h) Waste Management not only refused accommodation, discriminated against her because of her disability, but also refused to engage in any discussion or "interactive process" to determine if accommodation was possible.

(i) At all relevant times, Plaintiff performed all of the "essential functions" of her job in an outstanding manner that met and/or exceeded his employer's legitimate business expectations.

(j) There was no legitimate non-discriminatory basis for Waste Management's discriminatory treatment and unlawful termination of Plaintiff.

27. Plaintiff has suffered injury and damage as a direct and proximate result of Waste Management's discriminatory conduct and unlawful termination in violation of the ADA and IHRA.

28. Plaintiff requested reasonable accommodation of her disability, however Waste Management refused to provide Plaintiff with the requested accommodation and further refused to evaluate or consider options for accommodation (engage in an interactive process as required by the applicable statutes) in violation of the ADA and IHRA.

29. Plaintiff was terminated for reaching 7 points; 7 points = termination of employment. She kept getting points for tardiness.

30. Plaintiff had/has lupus and was not able to move fast enough to clock-in on time.

31. Plaintiff presented a doctor's note that said she would need 15 minutes every 2 hours to catch up, reduce inflammation.

32. Plaintiff notified HR and been meeting with Nicole, the Defendant's Human Resources employee, who assured her that she would be properly accommodated.

33. Plaintiff was not accommodated, rather Plaintiff was fired for reasons related to her disability.

34. At all times during his employment with Defendant, Plaintiff received satisfactory or better performance reviews and regular promotions.

35. Defendant was aware of Plaintiff's disability because she asked for an accommodation based on her disability.

36. Waste Management discriminated against Plaintiff on the basis of her disability/handicap/serious medical condition, or its perception.

37. Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief, however Plaintiff does incorporate by reference all facts and allegations contained in the attached Charge of Discrimination.

38. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law

### Count I: Violations of the Americans with Disabilites Act

39. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1 through 24.

40.     The ADA prohibits discrimination by an employer against a qualified individual with a disability in the terms and conditions of employment, including discharge. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

41.     The ADA requires an employer to provide a reasonable accommodation to a qualified individual with a disability to enable him to perform the essential functions of his job. 42 U.S.C. §§ 12111(9)(B), 12112(B)(5)(a)(b); 29 C.F.R. §§ 1630.2(o)(2)(ii), 1630.9.

42.     Waste Management's discriminated against Plaintiff on the basis of her disability/handicap/serious medical condition, or its perception thereof.

43.     The above described unlawful employment practices were intentional, and WASTE MANAGEMENT acted with malice and reckless indifference to Plaintiff's federally protected rights.

44.     As a result of WASTE MANAGEMENT'S unlawful actions Plaintiff has been injured. Such injuries include, but are not limited to, lost pay, lost benefits, lost promotion opportunities, pecuniary losses, mental anguish, humiliation, injury to reputation, and pain and suffering.

WHEREFORE, Plaintiff WASTE MANAGEMENT'S requests that this court:

A.     Award Plaintiff back pay with interest, as appropriate.

B.     Award Plaintiff front pay as appropriate;

C.     Award Plaintiff compensatory and punitive damages;

D.     Award Plaintiff costs, expenses, expert witness fees, and reasonable attorneys fees;

E.     Grant Plaintiff such additional relief as the Court deems just and proper; and

Dated: 2/28/19                                    Respectfully submitted,

By:     _____ -S-John C. Ireland
                                                              John C. Ireland

                                                              Attorney for the Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675Attorneyireland@gmail.com
Facsimile 630-206-0889            ATTY # 628137